UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY PREVOST,

     Plaintiff,

v.                                                        Case No.:  2:21-cv-875-SPC-MRM

JT'S CUSTOM POOLS, INC., and
JASON L. TARI,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Pending before the Court is the parties' Renewed Joint Motion for Approval of FLSA Settlement, filed on February 9, 2022.  (Doc. 19).[1]  Plaintiff Anthony Prevost and Defendants JT's Custom Pools, Inc. and Jason L. Tari request that the Court approve the parties' settlement agreement and dismiss the case with prejudice. (Doc. 19 at 1).  After careful review of the parties' submission and the record, the Undersigned recommends the renewed motion (Doc. 19) be **GRANTED**.

## BACKGROUND

     On November 23, 2021, Plaintiff filed a Complaint, asserting two claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. against Defendants for failure to pay overtime (Count I) and retaliation (Count II).  (Doc. 1). Plaintiff, however, does not allege a specific sum of damages for his claim.  (*See id*. at

---

[1] Pinpoint page citations for documents refer to CM/ECF pagination.

4, 5).  In response, Defendants filed an Answer on December 22, 2021, denying Plaintiff's allegations and asserting thirteen affirmative defenses.  (Doc. 12).

The parties filed their Joint Motion for Approval of FLSA Settlement on February 2, 2022.  (Doc. 17).  On review, the Undersigned denied the motion without prejudice because (1) the parties did not provide sufficient information to allow the Court to determine whether the monetary terms of the settlement were fair and reasonable and (2) the agreement contained an impermissible amendment provision.  (*See* Doc. 18).  The parties renewed their motion on February 9, 2022. (Doc. 19).  The renewed motion attaches the same settlement agreement but (1) provides briefing as to the fairness and reasonableness of the monetary terms and (2) represents that the parties agree to deem the amendment provision severed from the agreement.  (*Id.* at 4-5, 6-7).

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable [resolution] of a bona fide dispute" of the claims raised.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Lynn's Food Stores*, 679 F.2d at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Lynn's Food Stores*, 679 F.2d at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Lynn's Food Stores*, 679 F.2d at 1353.  When the

employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54. The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. Specifically, the Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are in dispute; we allow the district court to approve the settlement to promote the policy of encouraging settlement of litigation.

*Id.*

Applying these standards, the Undersigned analyzes the proposed terms of the settlement agreement below.

## ANALYSIS

### I.   Bona Fide Dispute

To begin, the Undersigned finds a bona fide dispute between the parties exists. At base, Plaintiff asserts two claims under the FLSA, alleging that Defendants failed to pay Plaintiff full and proper overtime compensation and that Defendants retaliated against Plaintiff for reporting and opposing the FLSA violation. (*See* Doc. 1 at 3-5). Defendants expressly deny these allegations in their responsive pleadings

3

and assert several affirmative defenses.  (Doc. 12).  Accordingly, the proper focus is
whether the terms of the settlement are fair and reasonable.

The Undersigned addresses the monetary terms, attorney's fees, and
amendment provision below.

## II.   Monetary Terms

The parties explain that under their settlement, Plaintiff will receive
$10,000.00 as payment for back wages and an equal amount in liquidated damages.
(Doc. 19 at 4-5; *see also* Doc. 19-1 at 2 ¶ 3(a)-(b)).

To justify the monetary terms of the settlement, the parties agree that the
payment to Plaintiff "likely equals or exceeds any amounts he could recover in the
litigation, and, as such, constitutes a fair and reasonable resolution of Plaintiff's
FLSA claim."  (Doc. 19 at 5).  In support, the parties represent that, based on the
allegations in the Complaint, as well as Plaintiff's hourly rates, Plaintiff alleges that
"he would have been entitled to roughly $24,000.00 in overtime wages."  (*Id.* at 4).
Defendants' records, however, show that, "at most, Plaintiff could claim just under
$7,500.00 in overtime wages."  (*Id.* at 4-5).

Based on the representations of counsel and the uncertainty of recovery if the
case were to proceed to trial, the Undersigned recommends the presiding United
States District Judge approve the monetary terms of the settlement agreement.

## III.   Attorney's Fees and Costs

The settlement agreement specifies that Defendants agree to pay Plaintiff's
counsel "five thousand dollars ($5,000.00), for attorneys' fees and costs."  (Doc. 19-1

at 2 ¶ 3(c) (original typeface omitted)).  The agreement makes clear that "the portion of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for minimum wage and overtime compensation and retaliation under the FLSA." (*Id.*).[2]  Further, in their motion, the parties represent that "[t]he attorneys' fees and costs do not reduce, diminish, or otherwise compromise the back-wages settlement payment to Plaintiff." (Doc. 19 at 5).

As United States District Judge Gregory A. Presnell explained in *Bonetti v. Embarq Management Company*:

> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.
>
> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching [the] same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately

---

[2]  Because Plaintiff has not asserted a minimum wage claim, the Undersigned deems the reference to such a claim to be a scrivener's error.  (Doc. 19-1 at 2 ¶ 3(b)).

considering the reasonableness of the fee to be paid to
plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Given the procedural posture of the case, the amount of fees and costs appears
fair and reasonable.  Additionally, based on the parties' representations, the
Undersigned finds that the parties agreed upon the attorney's fees and costs without
compromising the amount paid to Plaintiff.

The Undersigned, therefore, recommends that the presiding United States
District Judge find the attorneys' fees fair and reasonable.

## IV.    Non-Cash Concessions

The parties' settlement agreement contains two non-cash concessions:
(1) a waiver of wage-based claims and (2) an amendment provision.  The
Undersigned considers each in turn below.

### A.    Release of Wage-Based Claims

The settlement agreement contains a release by Plaintiffs of "any and all
claims under the FLSA or any other wage-related statute or law arising out of
Plaintiff's alleged employment with Defendants and any claim for wrongful
termination or otherwise pertaining to Plaintiff's alleged termination, including any
claim for retaliation under the FLSA."  (Doc. 19-1 at 3 ¶ 4).

Although general releases in FLSA settlement agreements are problematic, *see
Serbonich v. Pacifica Fort Myers, LLC*, No. 2:17-cv-528-FtM-29MRM, 2018 WL
2440542, at *3 (M.D. Fla. May 29, 2018), *report and recommendation adopted*, 2018

WL 2451845 (M.D. Fla. May 31, 2018), this specific provision is narrowly tailored to release only wage-based claims or claims related to Plaintiff's termination of employment – both of which directly relate to the claims here – against Defendants. In light of its limited nature, any concern about broad or general releases does not exist and the settlement may be approved as fair and reasonable. *See Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149-Orl-37GJK, 2016 WL 8669879, at *4 (M.D. Fla. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 5746376 (M.D. Fla. Oct. 4, 2016) (approving a release that is limited to claims arising under the FLSA).

Thus, the Undersigned finds that this non-cash concession does not preclude approval of the parties' settlement.

## B.    Amendment Provision

The parties' settlement agreement also contains an amendment provision, which provides that "this agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement."  (Doc. 19-1 at 4-5 ¶ 12).

As previously noted in this case, this type of provision cannot be approved because it "leaves 'the parties free to circumvent *Lynn's Food [Store's]* review through *post hoc* modifications of an already-approved agreement.'"  *Dexheimer v. Enjoy the City N., Inc.*, No. 6:18-cv-1980-Orl-76EJK, 2020 WL 5822195, at *3 (M.D. Fla. Apr. 13, 2020) (quoting *Dumas v. 1 Amble Realty, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018)).

Following the Court's denial of the parties' first bid for approval of the settlement agreement based *inter alia* on this provision, (Doc. 18 at 3-5), the parties' agreed to deem this provision severed from the agreement rather than entering into a renewed agreement that does not contain the impermissible provision, (*see* Doc. 19 at 6-7).

Importantly, the parties' settlement agreement does contain a severability provision that expressly allows the Court to sever impermissible provisions. (*See* Doc. 19-1). Nevertheless, the agreement contains a severability provision that provides, "[t]he invalidity or unenforceability of any provision of this agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this agreement is found invalid, the parties agree to enter into new provisions that are not invalid." (Doc. 19-1 at 5 ¶ 13).

Because the severability provision here permits the settlement agreement to be enforced despite the invalidity of a particular provision, the Undersigned finds that the severability provision implicitly permits the Court to strike the invalid portion and approve the remainder of the agreement. (*See id.*); *see also United States v. Vein Specialists at Royal Palm Square, Inc.*, No. 2:17-cv-631-FtM-JES-MRM, 2021 WL 3476333, at *5 (M.D. Fla. July 2, 2021), *report and recommendation adopted sub nom. United States ex rel. Cobb v. Vein Specialists at Royal Palm Square, Inc.*, 2021 WL 3076982 (M.D. Fla. July 21, 2021) (using an identical severability provision to strike an impermissible amendment provision). Such a finding is bolstered by the parties' stipulation to deem the provision severed. (*See* Doc. 19 at 6-7).

This Court has previously invoked severability provisions to strike invalid provisions and approve otherwise valid agreements. *See, e.g.*, *Vein Specialists at Royal Palm Square, Inc.*, 2021 WL 3476333, at *5, *report and recommendation adopted*, 2021 WL 3076982; *Wood v. Surat Invs., LLC*, No. 6:19-cv-1681-Orl-41EJK, 2020 WL 2840565, at *4 (M.D. Fla. May 15, 2020), *report and recommendation adopted*, 2020 WL 2838861 (M.D. Fla. June 1, 2020) (striking an amendment provision).

Because the provision cannot be re-written to be valid and the parties agree to deem the provision stricken, the Undersigned recommends that the presiding United States District Judge find the portion of the amendment provision that purports to allow the parties to modify the agreement without Court approval invalid, strike it from the proposed agreement, and approve the remainder of the agreement. Such an act promotes the interests of justice as well as the interests of judicial efficiency and economy.

In sum, for the reasons set forth above, the Undersigned recommends that the proposed settlement agreement be approved without the portion of the amendment provision that purports to allow the parties to modify the agreement without Court approval. Thus, the Undersigned recommends that the renewed motion (Doc. 19) be granted.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.   The Renewed Joint Motion for Approval of FLSA Settlement (Doc. 19)

be **GRANTED** as set forth below:

    a.   The presiding United States District Judge find the portion of the

amendment provision that purports to allow the parties to modify

the agreement without Court approval (*see* Doc. 19-1 at 5 ¶ 12)

invalid and recognize it as severed from the agreement; and

    b.   The remainder of the settlement agreement (Doc. 19-1) be

approved as a fair and reasonable resolution of a bona fide

dispute regarding Plaintiff's FLSA claims.

2.   The Clerk of Court be directed to dismiss this action with prejudice,

terminate all pending motions, and close the file.

**RESPECTFULLY RECOMMENDED** in Fort Myers, Florida on June 20,

2022.

Mac R. McCoy
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection.  The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties